UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RANDY M. MCCASKILL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:18-CV-0030 |
| | § | |
| SECURITAS CRITICAL | § | |
| INFRASTRUCTURE SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the defendant's, Securitas Critical Infrastructure Services, Inc., Motion for Judgment on the Pleadings, brought pursuant to Rule 12(c) of the Federal Rule of Civil Procedure. In its motion, Securitas alleges that the plaintiff, Randy McCaskill, has failed to exhaust her administrative remedies with regard to her Title VII claims and has permitted the statute of limitations on her Equal Pay Act ("EPA") claim to expire.

The plaintiff worked as a security officer for Securitas from on or about December 27, 2013 to September 28, 2015 at the Point Comfort, Texas facility, one of Securitas's clients, Formosa Plastics Corporation, Texas ("Formosa"). After separation from employment with Securitas, the plaintiff filed an Intake Questionnaire ("First Intake Questionnaire") with the EEOC on March 16, 2016, alleging claims for sex and age discrimination and retaliation. Although it is presumed that the plaintiff also completed her first Charge of Discrimination ("First Charge") around this time alleging the same claims, she has failed, however, to attach it to her petition.

On September 30, 2016, the EEOC issued its first Dismissal and Notice of Rights ("First Notice") to the plaintiff. Therefore, any lawsuit arising out of the First Charge had to be filed by January 3, 2017.[1] *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) (holding that Title VII "permits an aggrieved applicant to file suit . . . within ninety days after the EEOC has given 'notice' that it has not filed a suit or effected a conciliation agreement, and failure to act with this time limit precludes later action"). The plaintiff failed to file a timely suit on her First Charge.

On January 27, 2017, more than three weeks after the expiration of the deadline within which to file her suit relating to her First Charge, the plaintiff filed a Second Charge of Discrimination ("Second Charge") with the EEOC, naming only Securitas as a party. In her Second Charge, the plaintiff alleged sex and disability-based discrimination, harassment, retaliation and violations of the Equal Pay Act. However, because the plaintiff was removed from her position on September 28, 2015, she was required to file her claim within 300 days of the offending conduct. She failed to do so and her time to do so expired on July 24, 2016. Because she did not file her Second Charge by that deadline, the EEOC dismissed her Second Charge as untimely.

On June 7, 2017, the plaintiff commenced a civil action in the 135th District Court of Calhoun County, Texas, against Securitas. In her Original Petition, the plaintiff asserted several claims, including claims of discrimination, harassment, and retaliation, based, at least in part, on her alleged disability and sex.

---

[1] Although the plaintiff's First Intake Questionnaire listed both Securitas and Formosa as defendants, her First Charge only referenced Formosa as a named party in relation to her allegations of discrimination. As such, Securitas never received notice or knowledge of the plaintiff's First Charge and her first right-to-sue letter was issued, copying only Formosa as a respondent and additional recipient. Consequently, the plaintiff was still required to file her lawsuit by January 3, 2017 in order to be timely.

Notwithstanding the previous filings with the EEOC on March 22, 2018, the plaintiff filed a Third Charge of Discrimination ("Third Charge") and received a right-to-sue letter dated the same day. Her Third Charge alleged only age-based discrimination and retaliation. Following receipt of this notice of right to sue, the plaintiff a First Amended Petition on April 18, 2018, stating that she "cho[se]to file under *Title VII* and the Equal Pay Act."

The plaintiff currently alleges the following claims of sex discrimination and harassment under Title VII; violation the Equal Pay Act; and retaliation. These claims originate from her termination on September 28, 2015, and do not enjoy a subsequent claim date. Therefore, these claims too, are barred by the statute of limitations.

Because the plaintiff failed to exhaust administrative remedies regarding her claims that originated on September 28, 2015, her lawsuit must be dismissed.

It is so Ordered.

SIGNED on this 8th day of May, 2019.

_____
Kenneth M. Hoyt
United States District Judge